UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JAMES DANIEL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 12-114-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| STEPHANIE K. RUSH, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

James Daniel Johnson is an individual formerly confined at the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1] While an inmate there, Johnson, proceeding without an attorney, filed a civil rights complaint under the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) alleging that the conduct of certain prison officials at USP-McCreary resulted in his inability to participate in the Dual Diagnostic Step-Down Program at the Federal Medical Center (FMC) in Butner, North Carolina. Importantly, this alleged conduct violated his constitutional rights because it was racially motivated. [R. 1] The Court has granted Johnson's motion to pay the filing fee in installments by prior order. [R. 9]

The Court must conduct a preliminary review of Johnson's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims

---

[1] The Bureau of Prison's website indicates that Johnson was released from federal custody on January 17, 2013. *See* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction

against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Johnson's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint, the Court must dismiss it, pursuant to Fed. R. Civ. P. 12(b)(6), because Johnson has failed to state any claim upon which relief may be granted.

I

Johnson alleges that after he had been accepted to participate in the Dual Diagnostic Step-Down Program at FMC-Butner, Stephanie K. Rush, formerly the Chief Psychologist at USP-McCreary, deliberately delayed processing his transfer to FMC-Butner until there was no longer sufficient time for him to begin and complete the Step-Down Program prior to the expiration of his sentence. Johnson also claims that her conduct was racially motivated. Johnson alleges misconduct by others too: (1) J. Ray Ormond, former Acting Warden at USP-McCreary, conspired with Dr. Rush and covered up her racially discriminatory conduct and refused to make her address Johnson's transfer to FMC-Butner; (2) Officer B. Woods[2], a counselor at USP-McCreary, harassed him, once inappropriately touched him while searching

---

=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=41427-007 (last visited on January 31, 2013).

him, and cracked racist jokes with his co-workers; and (3) Case Manager Jennifer Kidd Reed attempted to interfere with or impede the processing of the grievance he filed against Rush about this matter.

In response to Johnson's grievance, the Warden explained that:

A review of your request was conducted and revealed that according to the Psychology Data System, you were accepted for the Step Down Program at Butner, North Carolina on November 5, 2010 and your mental health transfer request was sent to Central Office on November 10, 2010 by psychology staff at USP McCreary.  Psychology staff inquired on the status of the transfer on December 10, 2010 and then again on January 5, 2011.  On January 12, 2011, psychology services staff at USP McCreary received an e-mail from the Specialty Treatment Program Coordinator in Central Office who stated you do not have enough time remaining on your sentence to transfer you for programming. Therefore, it was recommended you participate in the Challenge Program at USP McCreary, in which you are actively participating.

[R. 1-3, p. 1]

Johnson appealed the Warden's decision to the Mid-Atlantic Regional Office and then to the BOP's Central Office.  On May 25, 2012, the Central Office denied his appeal, stating:

This is in response to your Central Office Administrative Remedy Appeal, in which you contend staff at USP McCreary lied about your transfer request to the Step Down Program at FCC Butner.  You claim you are being harassed and retaliated against.  As relief, you request to be transferred to a facility which is concerned about your well being and for staff to stop harassing you.

We have reviewed the documentation related to your appeal and, based on this review, we concur with the manner in which the Warden and Regional Director addressed your issues.  Your mental health needs are being adequately addressed at your current institution.  In addition, staff are held to a high standard of integrity and are obligated to conduct themselves in a professional manner.  We look into matters which may constitute inappropriate conduct and refer them to another component of the Bureau of Prisons for appropriate action, when the information appears to have merit.  We find no evidence to substantiate your

---

[2] Although Johnson identified Officer Woods as a defendant in his complaint, through administrative error he was not listed as such on the Court's docket sheet. The Clerk of the Court will be directed to add Officer B. Woods as a defendant in this action.

3

>  allegation that institution staff have harassed you or retaliated against you, nor do you provide any.

[R. 1-3, p. 6] Johnson filed suit in this Court on June 22, 2012, suing all defendants in both their individual and official capacities, and seeking compensatory damages for emotional distress.

## II

With respect to Johnson's claims against the defendants in their official capacities, such claims must be dismissed for failure to state a claim. The remedy implied in *Bivens* does not permit suit against a federal official in his or her official capacity because such a claim essentially seeks damages from the United States itself and is prohibited by sovereign immunity. *Blakely v. United States*, 276 F.3d 853, 870 (6th Cir. 2002).

To the extent Johnson claims that the delay by prison personnel at USP-McCreary in processing the paperwork required for his transfer to FMC-Butner resulted in his inability to participate in the Step Down Program, Johnson is entitled to no relief. An inmate has no constitutional right to a specific educational or vocational program in prison, or to be transferred to another institution to participate in a certain program. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). Further, prisoners have no right to any particular programming or to a prison job or certain educational or vocational training. *Baumann v. Arizona Dep't of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985) (no constitutional right to jobs and educational opportunities). Thus, even if prison personnel delayed processing Johnson's transfer to FMC-Butner, there is no constitutional violation.

Johnson's conclusory allegation of racial discrimination also fails to state a claim. Prisoners are entitled to equal protection under the law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), but an unsupported and conclusory allegation that racism played a role in a decision or

4

action by police officers or prison officials is simply insufficient to state a viable equal protection claim. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). Johnson has not buttressed his claim with any specific allegations that the defendants treated inmates differently based upon their race. Without more, there is no viable claim of racial discrimination. *Williams v. Halbert*, 2008 WL 2397709 (E.D. Ky. June 11, 2008).

As to Johnson's claim that Officer B. Woods verbally harassed him and cracked racist jokes with his co-workers, this conduct—if true—is deplorable and unprofessional, but it is not a violation of Johnson's constitutional rights. *Wingo v. Tenn. Dept. of Corrections*, 2012 WL 3871886, at *2 (6th Cir. Sept. 7, 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.") Johnson also claims that Officer Woods once inappropriately touched him while searching him. Such allegations of *de minimus* physical contact during the course of a pat down search are insufficient to state a claim of constitutional dimension, and absent a claim of physical injury as required by 28 U.S.C. § 1997e(e), must be dismissed. *Tuttle v. Carroll Cnty. Detention Ctr.*, 2010 WL 2228347, at *1-2 (E.D. Ky. June 2, 2010), *aff'd*, 2012 WL 4215747 (6th Cir. Sept. 21, 2012).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall add Officer B. Woods as a named defendant in this action;

2. Plaintiff James Daniel Johnson's complaint [R. 1] is **DISMISSED WITH PREJUDICE**;

3. The Court will enter an appropriate judgment;

4. This matter is **STRICKEN** from the active docket;

5

This 30th of April, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge